UMBERG ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
Mei Tsang (SBN 237959)
mtsang@umbergzipser.com
Molly J. Magnuson (SBN 229444)
mmagnuson@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA  92614
Telephone: (949) 679-0052
Facsimile: (949) 679-0461

Attorneys for Plaintiff UT Brands LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UT BRANDS LLC, <br><br> Plaintiff, <br> *v*. <br><br> ZHOU LIU, <br><br> Defendant. | Case No. 2:24-cv-04581-JFW(PVCx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF UT BRANDS LLC'S MOTION FOR ENTRY OF DEFAULT JUDGMENT** <br><br> Hearing Date: October 28, 2024 <br> Time:  1:30 p.m. <br> Judge:  Hon. John F. Walter <br> Courtroom:  7A <br><br> *[Filed concurrently with Notice of Motion and Motion for Default Judgment; Declaration of Molly J. Magnuson; [Proposed] Order]* <br><br> Complaint Filed: May 31, 2024 |

{276709.2}
MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................5

II.     RELEVANT BACKGROUND .................................................................6

        A.  The Allegations Against Defendant In The Complaint ......................6

        B.  Defendant's Contacts with California ...............................................8

        C.  Defendant's Default of the Complaint ...............................................9

III.    UT BRANDS IS ENTITLED TO A DEFAULT JUDGMENT
        ON ITS FEDERAL COPYRIGHT AND UNFAIR COMPETITION
        CLAIMS ...............................................................................................10

        A.  UT Brands' Well-Pleaded Allegations Establish Defendant's
            Liability ...........................................................................................10

        B.  UT Brands Properly Served Defendant With Process ......................10

        C.  Specific Personal Jurisdiction Exists Over Defendant ...................12

        D.  The *Eitel* Factors Support Entry of Default Judgment ...................13

        E.  UT Brands Is Entitled to the Relief Sought .....................................14

IV.     CONCLUSION ......................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Adriana Int'l Corp. v. Theoren*,
913 F.2d 1406 (9th Cir. 1990), cert. denied, 498 U.S. 1109 (1991) .................10

*Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd*,
555 F. Supp. 2d 537 (E.D. Pa. 2008)....................................................................15

*Cybersell, Inc. v. Cybersell, Inc.*,
130 F.3d 414 (9th Cir. 1997)................................................................................12

*Eitel v. McCool*,
782 F.2d 1470 (9th Cir. 1986)..................................................................5, 13, 14

*Fantasy, Inc. v. Fogerty*,
94 F.3d 553 (9th Cir. 1996)..................................................................................15

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950..............................................................................................11

*Pepsico, Inc. v. Triunfo-Mex, Inc.*,
189 F.R.D. 431 (C.D. Cal. 1999)..........................................................................13

*Philip Morris U.S.A. Inc. v. Castworld Prods.*,
219 F.R.D. 494 (C.D. Cal. 2003)..........................................................................14

*Rio Props., Inc. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002)..............................................................................11

*Sher v. Johnson*,
911 F.2d 1357 (9th Cir. 1990)..............................................................................12

*Tech Heads, Inc. v. Desktop Service Ctr., Inc.*,
105 F. Supp. 2d 1142 (D. Or. 2000).....................................................................12

*Zippo Mfg. Co. v. Zippo Dot Com*,
952 F. Supp. 1119 (W.D. Pa. 1997) .....................................................................13

## Statutes

17 U.S.C. § 411(a) ......................................................................................................10

MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

17 U.S.C. § 501 ................................................................................................5. 14

17 U.S.C. § 504 ...................................................................................................15

17 U.S.C. § 505 ...................................................................................................15

17 U.S.C. § 512(g)(3)(D) ................................................................................9, 15

17 U.S.C. § 512 .....................................................................................................5

17 U.S.C § 504(c)(2) ...........................................................................................16

Fed. R. Civ. Proc. § 55(a) ...................................................................................10

Fed. R. Civ. Proc. § 12 .........................................................................................9

Fed. R. Civ. Proc. § Rule 4 .................................................................................11

Fed. R. Civ. Proc. § Rule 4(f)(3) ...................................................................10, 11

Fed. R. Civ. Proc. § Rule 55 ...............................................................................13

Fed. R. Civ. Proc. § Rule 55(b) ..........................................................................14

{276709.2}

MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

## I.    INTRODUCTION

This case involves claims for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. § 501, *et seq*., as amended by the Digital Millennium Copyright Act, 17 U.S.C. § 512, *et seq*., and unfair competition under California law, stemming from Defendant Zhou Liu's ("Defendant") infringement of a copyright owned by Plaintiff UT Brands, LLC, Registration No. A 2-326-217, effective October 31, 2022 (the "Copyright").

Consumers who searched online, including on Amazon, for UT Brands' "101 Poopoing Puppies" puzzle (the "Copyrighted Work") were confronted instead by Defendant's "knock off" puzzle, which violates UT Brands' Copyright.  This infringement, while improper on its own, also was willful.  Indeed, Defendant received a Notice of Infringement from Amazon related to its infringement of the Copyright and responded thereto, demonstrating his awareness of the Copyright and of the Copyrighted Work "101 Poopoing Pupples" puzzle, more generally.

UT Brands thereafter filed the Complaint and this Court authorized service by electronic mail on Defendant, and UT Brands completed service pursuant to this Court's Order.  Defendant did not appear to defend the charges in the Complaint, and the clerk entered his default.

Having satisfied all procedural requirements, UT Brands now brings this motion for default judgment against Defendant.  There is no question that service of process was proper and that this Court has personal jurisdiction over Defendant, who actively conducts online business with California residents through Amazon and other sites, and who has consented to jurisdiction in this District.  Entry of default judgment on UT Brands' copyright and unfair competition claims, further, is appropriate under the *Eitel* factors.

Moreover, each of the elements of relief requested by UT Brands is expressly authorized by federal copyright law and by this Court's broad equitable authority, including: (1) statutory damages of $150,000 for willful infringement, pursuant to 17

MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

U.S. Code § 504(c)(2); (2) a permanent injunction prohibiting Defendant from using UT Brands' Copyright, freezing seller accounts used to infringe UT Brands' Copyright, and ordering that all assets up to the Judgment amount in Defendant's accounts, as well as any newly discovered assets, be restrained until they can be transferred to Plaintiff to satisfy the Judgment; and (3) recovery of UT Brands' reasonable attorneys' fees and costs.

Therefore, UT brands respectfully requests that this Court enter default judgment and grant the requested relief.

## II.     RELEVANT BACKGROUND

### A.     The Allegations Against Defendant In the Complaint

UT Brands, doing business as Funwares, is in the business of manufacturing, distributing, and retailing high-quality novelty items, such as "101 Pooping Puppies," a whimsical novelty puzzle that features 101 dogs in various stages of relieving themselves.  Complaint ¶ 7.  UT Brands owns the copyright for "101 Pooping Puppies," Registration No. VA 2-326-217, and is the owner of all rights, title, and interest in and to, inter alia, the Copyrighted Work.  *Id.*

UT Brands incorporated its protected Copyright as part of this incredibly successful jigsaw puzzle, which it has been selling online, including on Amazon, and in retail establishments throughout the world.  *Id.* ¶ 8.  The Copyrighted Work, "101 Pooping Puppies," is currently ranked as the #1 puzzle on Amazon.  *Id.*  The Copyright registration is valid, subsisting, unrevoked, and uncancelled.  UT Brands also owns common law rights in this and other copyrights for use in connection with its UT Brands and Funwares products.  *Id.* ¶ 9.  The Copyright has never been assigned or licensed to Defendant in this matter.  *Id.* ¶ 10.

At all relevant times, Defendant has had full knowledge of the Copyright. Indeed, Defendant received a Notice of Infringement from Amazon related to his infringement of the Copyright and responded thereto, demonstrating his awareness of the Copyright and of the Copyrighted Work, "101 Pooping Puppies" puzzle,

generally.  *Id.* ¶ 11.

Notwithstanding his awareness of the Copyright, Defendant has manufactured, imported, distributed, offered for sale, and sold a "knock off puzzle" (the "Infringing Product"), which violates UT Brands' Copyright.  *Id.* ¶ 12.  Defendant's Infringing Product is substantially similar, both objectively and instrincially, to the Copyrighted Work, as can easily be seen through a comparison of the products:

***UT Brands' Copyrighted Work***:



***Defendant's Infringing Product***:



MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

***UT Brands' Copyrighted Work Next To Defendant's Infringing Product As Shown In A Search Result***



*Id.* ¶ 14.

Defendant has plagiarized copyrightable elements of UT Brands' work and, therefore, the Infringing Product constitutes either a copy or derivative work. *Id.* ¶ 15. As of the date the Complaint was filed, Defendant was continuing to sell the Infringing Product, causing UT Brands to suffer direct losses because of Defendant's actions, and Defendant has profited from sales of the Infringing Product. *Id.* ¶¶ 17-19.

**B.  Defendant's Contacts with California**

Though Defendant is a foreign individual, he has constitutionally significant contacts with California through his online business. Defendant maintains continuous and systematic contacts within this District by selling and offering for sale products to customers within this District and by offering for sale products that are used within this District. Defendant has conducted and conducts substantial business within this District including, but not limited to: (i) engaging in at least part

of the infringing acts alleged herein; (ii) purposefully and voluntarily placing one or more infringing products or services into the stream of commerce with the expectation that they will be purchased and/or used by consumers in this District; (iii) regularly soliciting and/or doing business in this District, and/or engaging in other persistent courses of conduct in this District; (iv) deriving substantial revenue from goods and services provided to individuals in this District; and/or (v) filing a DMCA Counter-Notice and consenting to jurisdiction and service under 17 U.S.C. Section 512(g)(3)(D).

### C. Defendant's Default of the Complaint

The Complaint was filed on May 31, 2024. Dkt. 1, 12, 12-1. In response to a Motion for Alternative Service filed by UT Brands (Dkt. 13, 13-1, 13-2, 13-2, 13-4, 13-5, 13-6), on July 18, 2024 the Court granted the Motion, holding "Plaintiff may electronically serve a copy of the Summons, Complaint, and other pleadings in this action by email" and that "[s]ervice will be deemed complete upon the sending of the email." Dkt. 15 at 3. The Court's Order further stated that "Plaintiff shall file a declaration demonstrating that service has been complete on or before July 23, 2024." *Id*.

On July 22, 2024, Defendant was served by e-mail with the Summons, Complaint, and all other pleadings in this action, and a copy of the proof of service was filed that same day. Dkt. 16, 16-1. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant was required to respond, answer or otherwise plead to Plaintiff's Complaint by August 12, 2024. Defendant never responded to the Complaint. Additionally, neither Defendant nor anyone claiming to represent Defendant contacted UT Brands or its counsel to request an extension of time or otherwise. Default was entered by the Court on March 13, 2024. Dkt. 19.

UT Brands now seeks entry of judgment and the remedies authorized by law.

## III.   UT BRANDS IS ENTITLED TO A DEFAULT JUDGMENT ON ITS FEDERAL COPYRIGHT AND UNFAIR COMPETITION CLAIMS.

### A.   UT Brands' Well-Pleaded Allegations Establish Defendant's Liability.

Once a default is entered pursuant to Fed. R. Civ. P. Rule 55(a), the well-pleaded allegations of the Complaint are accepted as true, and the defendants' liability as framed by the Complaint is established.  *See, e.g., Adriana Int'l Corp. v. Theoren*, 913 F.2d 1406, 1414 (9th Cir. 1990), cert. denied, 498 U.S. 1109 (1991). Here, the well-pleaded allegations of UT Brands' Complaint establish all the elements necessary to entitle UT Brands to judgment on its federal copyright infringement and unfair competition claims.

As demonstrated by the allegations in the Complaint – which, again, are now accepted as true – UT Brands has complied with the registration requirements of 17 U.S.C. Section 411(a) in obtaining the Copyright.  UT Brands has been the producer and sole owner and/or licensee of the original images that are the subject of this action and protected by the Copyright.  Defendant has intentionally reproduced, displayed, distributed, and made other infringing uses of the Copyright, without authorization by UT Brands.  As a result of his conduct, Defendant is liable to UT Brands for copyright infringement.  Moreover, Defendant knew his acts constituted copyright infringement – as evidenced by the Notice of Infringement he received from Amazon, to which he filed a DMCA Counter-Notice – and Defendant's conduct was therefore willful.  Magnuson Decl. Ex. 1.

### B.   UT Brands Properly Served Defendant With Process.

Default judgment is proper because Defendant was validly served in accordance with Federal Rule of Civil Procedure 4(f)(3), which authorizes district courts to direct service of process "by other means not prohibited by international agreement as may be directed by the court."  Such means can include service by electronic mail.  *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014

(9th Cir. 2002) (authorizing e-mail service on internet business defendant).  As the Ninth Circuit explained in *Rio Properties*, the "plain language" of Rule 4(f)(3) contains only two limitations on alternative methods of service: service "must be (1) directed by the court; and (2) not prohibited by international agreement."  *Id*. at 1015.  "[C]ourt-directed service is as favored as service" by other methods authorized under Rule 4.  *Id*.  Indeed, this form of service is available even "without first attempting service by other means."  *Id*.

However, even if "facially permitted," service by electronic mail "must also comport with constitutional notions of due process."  *Id.* at 1016.  "To meet this requirement, the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Id*. at 1016-17, citing *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).  The Ninth Circuit in *Rio Properties* held, "without hesitation," that electronic mail service of an online business defendant "was constitutionally acceptable."  *Rio Props*., 284 F.3d at 1017.  The Court concluded "not only that service of process by email was proper -- that is, reasonably calculated to apprise [defendant] of the pendency of the action and afford it an opportunity to respond -- but in this case, it was the method of service most likely to reach [defendant]."  *Id*.  The court reached this conclusion in part because the defendant conducted its business over the internet, used electronic mail regularly in its business, and encouraged parties to contact it via electronic mail.  "Indeed, when faced with an international ebusiness scofflaw, playing hide-and-seek with the federal court," the court observed, "email may be the only means of effecting service of process."  *Id*. at 1018.

UT Brands, relying on these authorities, filed a motion on June 17, 2024, asking this Court to authorize electronic service of process.  Dkt. 13, 13-1, 13-2, 13-3, 13-4, 13-5, 13-6.  After briefing of these issues, this Court granted UT Brands' motion as to electronic mail service.  Dkt. 15.

{276709.2}                                        11

Accordingly, UT Brands' electronic service of Defendant was Court-authorized and valid.  *See generally* Magnuson Decl. ¶¶ 2-6.

### C.   Specific Personal Jurisdiction Exists Over Defendant.

Specific personal jurisdiction exists over Defendant under the "sliding scale test" endorsed and applied by the Ninth Circuit in the context of internet businesses. When determining whether specific personal jurisdiction exists, courts employ a three-part test to evaluate the nature and quality of defendants' contacts with the forum state: "(A) some action must be taken whereby defendant purposefully avails himself or herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (B) the claim must arise out of or result from defendant's forum-related activities; and (C) exercise of jurisdiction must be reasonable."  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

The primary prong of this test, purposeful availment, requires that the defendant "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state."  *Id*. at 1362.  With respect to conduct over the internet, the Ninth Circuit applies the "sliding scale" of web interactivity utilized by the district court in *Zippo Mfg. Co. v. Zippo Dot Com*, 952 F. Supp. 1119 (W.D. Pa. 1997).  *See Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 419 (9th Cir. 1997).  Under this approach, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet."  *Id*.  At one end of the scale are web sites that actively conduct business over the internet; at the other end are sites that provide only information (are "passive") and facilitate no interaction with the customer whatsoever.  In the middle of the sliding scale are web sites that permit the exchange of information with online customers (are "interactive") but do not consummate business transactions.  *See Tech Heads, Inc. v. Desktop Service Ctr., Inc.*, 105 F. Supp. 2d 1142, 1149 (D. Or. 2000) ("In the murkier middle of the scale

{276709.2}                                        12

are interactive Web sites which allow a user to exchange information with the host computer.").

Here, Defendant sold his infringing product through online channels, including Amazon.  He engaged in business with consumers, including California consumers, who purchased the infringing product.  This level of internet sales, without more, establishes Defendant's purposeful availment of a forum in California and their amenability to jurisdiction here.  *See id.*, 105 F. Supp. 2d at 1149 (courts "generally have found personal jurisdiction" when a "Web site enables the defendant to conduct business over the Internet with residents of the forum"); *see also  Zippo Mfg.*, 952 F. Supp. at 1124 ("If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper.")

Even if additional contacts with California were required, Defendant responded to Amazon with a DMCA counter notification, in which Defendant consented to the jurisdiction of any judicial district in which Amazon "may be bound."  Magnuson Decl. Ex. 1.  This District is one such district.

**D.	The *Eitel* Factors Support Entry of Default Judgment.**

Though courts have discretion under Rule 55 to decide whether or not to enter a judgment against defaulting defendants, "default judgments are more often granted than denied." *Pepsico, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).  A district court may consider the following factors in exercising its discretion to award a default judgment:

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

{276709.2}                                    13
MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The factors that guide courts' discretion in this area plainly support entry of judgment for UT Brands here.  UT Brands, as well as misled consumers, would suffer serious prejudice if Defendant's illicit uses of the Copyright are not enjoined.  UT Brands would be left without a remedy or a means to prevent Defendant's continued infringement.  Further, if judgment is not granted on UT Brands' claims, Defendant, and others, may feel emboldened to disregard complaints and other forms of legal process, giving plaintiffs such as UT Brands no means by which to protect their intellectual property.  *See Philip Morris U.S.A. Inc. v. Castworld Prods*., 219 F.R.D. 494, 499 (C.D. Cal. 2003) (finding that denial of a default judgment would leave trademark plaintiff plaintiff without a remedy).

UT Brands' claims are meritorious and its Complaint is more than sufficient to establish the elements of its claims.  Finally, Defendant has been given ample, repeated notice and multiple opportunities to appear and defend this action.  His failure to do so cannot be attributed to excusable neglect.  Finally, although federal policy favors deciding cases on the merits, Rule 55(b) authorizes entry of default judgment when, as here, Defendant simply has refused to litigate.

Accordingly, under the *Eitel* factors, it is entirely appropriate to enter a default judgment for UT Brands.

**E.     UT Brands Is Entitled to the Relief Sought.**

As a result of his wrongful conduct, Defendant is liable to UT Brands for copyright infringement pursuant to 17 U.S.C. § 501.  UT Brands has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.  UT Brands is therefore entitled to recover statutory damages amounting to One Hundred and Fifty Thousand Dollars ($150,000) for each and every use by Defendant of the Copyright, pursuant to 17

{276709.2}                                          14
MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

U.S.C. § 504.[1]

UT Brands also is entitled to an order permanently restraining Defendant from reproducing, distributing, selling, and otherwise using UT Brands' Copyright in connection with his own products, as well as an order freezing the Amazon account used to infringe UT Brands' Copyright, and ordering that all assets up to the Judgment amount in Defendant's accounts be restrained until they can be transferred to Plaintiff to satisfy the Judgment. The Copyright Act expressly provides that courts "may" grant injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." *Id.* § 502(a).

Finally, UT Brands is entitled to its reasonable attorneys' fees and costs, pursuant to 17 U.S.C. § 505, subject to proof.[2] The Copyright Act authorizes fee recovery to prevailing copyright plaintiffs. *Id.* § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs . . . . Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."). *See also Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 555 (9th Cir. 1996) ("an award of attorney's fees to a prevailing defendant that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of the district courts, and that such discretion is not cabined by a requirement of culpability on the part of the losing party.").

On a motion for default judgment, allegations of willfulness are deemed true. Even though it is not necessary for an award of fees, as charged in the Complaint, Defendant deliberately used UT Brands' Copyright to generate substantial revenues and profits. Defendant, in bad faith, intended to capture and trade upon the goodwill and reputation of UT Brands and its Copyright. And despite being put on notice of the infringement, Defendant persisted. Accordingly, UT Brands is entitled to

---

[1] Statutory damages, including for copyright infringement, may be awarded without conducting a default hearing. *See Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd,* 555 F. Supp. 2d 537, 544 (E.D. Pa. 2008).
[2] UT Brands' application for attorneys' fees will be filed and served, if appropriate, after entry of judgment, pursuant to Local Rule 54-7.

{276709.2}                                    15
MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

recover reasonable attorneys' fees and costs from Defendant.

## IV.    CONCLUSION

For the foregoing reasons, UT Brands respectfully requests a default judgment against Defendant, including an order for: (1) statutory damages of $150,000 for willful infringement, pursuant to 17 U.S. Code § 504(c)(2); (2) a permanent injunction prohibiting Defendant from using UT Brands' Copyright, freezing seller accounts used to infringe UT Brands' Copyright, and that all assets up to the Judgment amount in Defendant's seller accounts, as well as any newly discovered assets, be restrained until they can be transferred to Plaintiff to satisfy the Judgment; and (3) recovery of UT Brands' reasonable attorneys' fees and costs.

Dated:  September 30, 2024          UMBERG ZIPSER LLP

_____

Mark A. Finkelstein
Mei Tsang
Molly J. Magnuson
Attorneys for Plaintiff UT Brands LLC

## <u>PROOF OF SERVICE</u>

I, the undersigned, declare that I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 1920 Main Street, Suite 750, Irvine, California 92614.

On September 30, 2024, I served, in the manner indicated below, the attached document entitled: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF UT BRANDS LLC'S MOTION FOR DEFAULT JUDGMENT** on the interested parties in this action addressed to each such address respectively as follows:

[X]    **BY ELECTRONIC SERVICE:** I caused the above listed document(s) to be sent from e-mail address pgrenner@umbergzipser.com  to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, and electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| ZHOU LIU<br>Email: YOUYIZHONG2024@163.COM | |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on September 30, 2024, at Irvine, California.

_____
Patricia Grenner

{276709.2}                                          17
MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT